USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   4/21/2021

**MEMORANDUM ENDORSEMENT**

K.B. et al v. International Business Machines Corp. et al

7:21-cv-01737-NSR

The Court has reviewed Defendants' letter motion requesting a pre-motion conference for their anticipated motion to dismiss (ECF No. 39) and Plaintiff's response thereto (ECF No. 40).

The Court waives the pre-motion conference requirement and grants Defendants leave to file their motion to dismiss as follows: the moving papers shall be served (not filed) on May 21, 2021; the opposition shall be served (not filed) on June 21, 2021; the reply shall be served on July 6, 2021.

All motion papers shall be filed on the reply date, July 6, 2021. The parties shall provide two courtesy hard copies of the motion papers to Chambers as they are served.

The Clerk of Court is directed to terminate the motion at ECF No. 39.

Dated:  April 21, 2021
        White Plains, NY

SO ORDERED.

_____

Nelson S. Román, U.S.D.J.

## JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3434
MSFRIED@JONESDAY.COM

April 19, 2021

Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> Re: *K.B. v. IBM Medical & Dental Benefits Plan for Regular Full-Time & Regular Part-Time Employees,* et al., Civ. A. No. 7:21-cv-01737

Dear Judge Román,

I write on behalf of the IBM Medical and Dental Benefits Plan for Regular Full-Time and Regular Part-Time Employees (the "Medical Plan"), International Business Machines Corp., IBM Office of the Plan Administrator, E. Fleming, and unidentified committee members (collectively, "IBM")—all of the defendants here except the IBM Medical Benefits Trust, which will be separately represented. Pursuant to the Court's Individual Practices in Civil Cases, IBM requests a pre-motion conference for the purpose of moving to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This case involves the Medical Plan's criteria governing coverage of certain treatments for pediatric Autism Spectrum Disorder ("ASD"). Plaintiff (a minor) and his parents allege that they incurred expenses for certain ASD treatments and that they were reimbursed for those costs under a separate program made available (without cost) to employees called the IBM Special Care for Children Assistance Plan (the "SCCAP") as opposed to receiving those treatments as covered benefits under the Medical Plan. Cplt. ¶¶ 43-56. Plaintiff alleges that the Medical Plan's coverage criteria relating to developmental conditions violate the federal Mental Health Parity and Addiction Equity Act (the "Parity Act"), 29 U.S.C. § 1185a. The Parity Act contains requirements that certain benefits pertaining to mental health or substance use be on par with benefits pertaining to medical and surgical treatments. Cplt. ¶¶ 9-29. Plaintiff asserts claims on behalf of a putative class needing similar services for recovery of benefits and for breach of fiduciary duty. Cplt. ¶¶ 78-86. He also seeks a monetary penalty for purportedly failing to provide him with certain requested information. Cplt. ¶¶ 87-89.

IBM's motion will show that the complaint should be dismissed for failure to state a claim for at least four reasons. *First*, Plaintiff is not a member of any group that the Employee Retirement

Page 2

Income Security Act ("ERISA") authorizes to maintain the claims he asserts.[1] He brings his claims under three provisions of ERISA, all of which authorize suits only by, as relevant here, a "participant" or a "beneficiary"—section 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), section 502(a)(1)(B), *id.* § 1132(a)(1)(B), and section 502(a)(3), *id.* § 1132(a)(3). *See* Cplt. ¶¶ 78-89. "The Supreme Court has construed § 502 narrowly to allow only the stated categories of parties to sue for relief directly under ERISA." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100-01 (2d Cir. 2005). Here, Plaintiff alleges that "his father left employment with Defendant IBM" in February 2020, before this action was filed. Cplt. ¶ 39. Plaintiff's father is thus not a participant and Plaintiff is not a beneficiary. Accordingly, the ERISA statute does not authorize Plaintiff to bring his claims.

*Second*, the complaint fails to state a claim under the Parity Act (claims 1 and 2) because it does not allege any "imposition of more stringent limitations for mental health treatment than for medical treatment," *Bushell v. UnitedHealth Group Inc.*, No. 17-CV-2021 (JPO), 2018 WL 1578167, at *4 (S.D.N.Y. March 27, 2018), which is the core prerequisite to any Parity Act claim. A treatment limitation that is "applicable to all Plan benefits" and governs "injuries and illnesses aside from mental health or substance abuse issues" does not violate the Parity Act. *A.H. ex rel. G.H. & L.C. v. Microsoft Corp. Welfare Plan*, No. C17-1889-JCC, 2018 WL 2684387, at *7 (W.D. Wash. June 5, 2018).

*Third*, the same two Parity Act claims relate to the handling of certain benefits for the treatment of ASD, but those treatments are exempt from federal parity requirements. The governing regulations list several categories of benefits as to which "[t]he requirements of this Part [imposing parity obligations] do not apply." 29 C.F.R. § 2590.732(c)(1). One of the excepted categories is "long-term care benefits" if, *inter alia*, "they are . . . not an integral part of a group health plan." *Id.* § 2590.732(c)(3)(i). Because treatments for ASD qualify as "long-term care benefits" under the regulation, and because the benefits in question are provided in the separate SCCAP plan, which is not an integral part of the Medical Plan, they are exempt from parity scrutiny, and Plaintiff's first and second counts fail to state a claim.

*Fourth*, Plaintiff's third claim, which seeks monetary relief for an alleged failure to produce certain materials on request, Cplt. ¶ 88, should be dismissed. The only statutory disclosure provision that arguably addresses any information requested by Plaintiff's family, *see* Cplt. App'x M, authorizes only the Secretary of Labor to request information. *See* 29 U.S.C. § 1185a(a)(8). The other provisions are doubly inapplicable; they not only do not address the requested information, but they govern only requests made by current or potential participants or beneficiaries, and, as shown above, Plaintiff and his family were neither at the time they made

---

[1] While this requirement "has been called 'statutory standing,'" it is not, strictly speaking, "a standing issue, but simply a question of whether the particular plaintiff has a cause of action under the statute." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) (internal quotation marks omitted).

Page 3

their request in January 2021, Cplt. App'x N.   *See* 29 U.S.C. § 1185a(a)(4); 29 U.S.C. § 1024(b)(4); 29 U.S.C. § 1132(c)(1)(B).

Very Truly Yours,

Michael S. Fried

# SIRIANNI YOUTZ
# SPOONEMORE HAMBURGER PLLC

April 21, 2021

**THE HONORABLE NELSON S. ROMÁN**
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

> **RE:**   ***K.B. v. IBM Medical & Dental Benefits Plan, et al.,*** No. 7:21-cv-01737-NSR

Dear Judge Román:

This letter is in response to Defendants' April 19, 2021 letter requesting a pre-motion conference regarding Defendants' anticipated Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Letter").

This class action lawsuit is brought by the parents of K.B., a child diagnosed with autism spectrum disorder ("ASD") who was enrolled in Defendants' Plan.  ASD is a developmental mental health condition listed in the current version of the Diagnostic and Statistical Manual of Mental Disorders ("DSM") and the services to treat ASD are "mental health services."  Plaintiffs allege that Defendants' coverage scheme for services to treat ASD and other developmental mental health conditions violates the federal Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (the "Parity Act"), which is incorporated into ERISA at 29 U.S.C. § 1185a, as well as the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 300gg-11(a)(1).

As alleged by Plaintiffs, the Plan excludes the essential treatments for K.B.'s ASD, including psychological evaluation, Applied Behavior Analysis therapy ("ABA") and speech, occupational, and physical therapies when provided to treat developmental mental health conditions (collectively "neurodevelopmental therapies" or "NDT") from its general health benefits. Dkt. No. 1, ¶¶10-29. Instead, all coverage for these benefits is governed by a different subsection of Defendants' Plan, known as the IBM Special Care for Children Assistance Plan ("SCCAP"), which imposes a lifetime limit of $50,000 on those benefits.  *Id.*  In order to obtain coverage under this subsection, Plaintiffs and other enrollees with developmental mental health conditions must satisfy a number of prerequisites, including that they must: (1) submit claims to general health plan administrator; (2) receive denials of that coverage; (3) pay upfront for the services; and then (4) apply to receive reimbursement from the SCCAP.  *Id.* This separate process for coverage of the essential services to treat developmental mental health conditions is not "at parity" to those covered for medical/surgical conditions, violating the Parity Act and the ACA.  *Id.*

Defendants' anticipated motion to dismiss pursuant to Rule 12(b)(6) should be rejected in full for at least the following four reasons:

***First,*** Plaintiffs have standing to challenge Defendants' practices under the Parity Act and ERISA.  *See* Letter, pp. 1-2.  In *Varity Corp. v. Howe,* 516 U.S. 489, 116 S. Ct. 1065 (1996), the

3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TELEPHONE:  (206) 223-0303  FACSIMILE:  (206) 223-0246
e-mail: ehamburger@sylaw.com

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

The Honorable Nelson S. Román
April 21, 2021
Page 2


Supreme Court concluded that former employees may vindicate their rights under ERISA. *Id.* at 515 ("[G]ranting a remedy is consistent with the literal language of the statute, the [ERISA] Act's purposes and pre-existing trust law"). *See, e.g., Meidl v. Aetna, Inc.*, 2017 U.S. Dist. LEXIS 70223, at *18 (D. Conn. May 4, 2017) (former plan participant had standing to seek retrospective relief on behalf of a class of enrollees who were wrongfully denied health benefits); *see also Selby v. Principal Mut. Life Ins. Co.*, 197 F.R.D. 48, 57 (S.D.N.Y. 2000) (former plan participants have standing to represent a class of enrollees seeking health benefit reprocessing). Here, as in *Meidl* and *Selby,* the violations of ERISA and the Parity Act occurred while Plaintiff K.B.'s father was employed by IBM, causing injury to K.B. and his parents. That is all that is required for standing in this matter.

In any event, K.B.'s father's new employer, Red Hat, is now a subsidiary of IBM. Thus, it is quite likely in the foreseeable future, that K.B.'s health benefits through Red Hat, which currently cover ABA and NDT services for his ASD, could be limited once again under the IBM Plan.

**Second,** Defendants' argument that Plaintiffs' complaint fails to state a claim under the Parity Act, ignores the precise allegations asserted by Plaintiffs. Letter p. 2. As alleged by Plaintiffs, under the general section of the Plan, Defendants exclude all coverage of ABA, NDT, and psychological evaluation (all outpatient services) when the services are provided to treat certain developmental mental health conditions, while, at the same time, covering the same or similar outpatient medical/surgical services. Dkt. No. 1, ¶¶16-28. Moreover, the limited coverage offered for these services in the SCCAP subsection is subject to a lifetime limit of $50,000, in violation of both the Parity Act and the ACA. *Id.;* 29 U.S.C. § 1185d(a)(1); 42 U.S.C. § 300gg-11. These allegations are sufficient to plead a Parity Act violation. *Bushell v. UnitedHealth Grp., Inc.*, 2018 U.S. Dist. LEXIS 51577, at *18 (S.D.N.Y. Mar. 27, 2018) ("[I]t is enough to plausibly plead that there is a categorical exclusion for mental health benefits but not for medical benefits").

**Third,** Defendants' litigation-driven claim that the SCCAP is exempt from the Parity Act as a form of "long-term care benefits" is unavailing. "Long-term care" refers to the care needed by chronically ill individuals who are unable to perform at least two activities of daily living for a period of at least 90 days. *See* 26 U.S.C. § 7702B(c)(2)(A)(i). None of the criteria in the SCCAP reflect such limitation. In any event, whether or not the SCCAP meets the standard for an exempt long-term care plan cannot be determined on a Rule 12(b)(6) motion since it requires a factual determination by the Court. *See e.g.,* 29 C.F.R. § 2590.732(c)(3)(iv)(A)-(C).

**Fourth,** Plaintiffs' claim for ERISA sanctions under 29 U.S.C. § 1132(c) is properly pled. When Congress enacted the Parity Act, it mandated that the "criteria for medical necessity determinations" for mental health benefits be disclosed by a plan administrator "in accordance with regulations" issued by the U.S. Department of Labor ("DOL") and upon request of any plan

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

The Honorable Nelson S. Román
April 21, 2021
Page 3

participant. *See* 29 U.S.C. § 1185a(a)(4). This provision created an ERISA statutory duty of disclosure, the violation of which may subject a plan to sanctions under 29 U.S.C. § 1132(c). Under the Parity Act and ERISA, Defendants must (1) ***conduct*** and ***document*** an actual analysis as to whether the exclusions and limitations in the IBM Plan were applied "at parity" to both medical/surgical and mental health benefits in the same classification including the "processes, strategies, evidentiary standards and other factors" utilized in that analysis (29 U.S.C. § 1185a(a)(4), (8), 29 C.F.R. § 2590.712(d)(3); and (2) ***mail*** the documented analysis to plan participants and beneficiaries upon receipt of a written request. 29 U.S.C. § 1132(c); *see* FAQs About Mental Health and Substance Use Disorder Parity Implementation and the Consolidated Appropriations Act, 2021 Part 45, April 2, 2021, Q. 6. [1] As alleged by Plaintiffs, Defendants failed to complete the second requirement, and may not have conducted the required analysis at all. Dkt. No. 1, ¶¶71-77, 87-89. In any event, whether defendants conducted and documented an actual analysis as to whether the Plan's coverage scheme complied with the Parity Act can only be determined after discovery, not at the pleading stage of the litigation. The claim for ERISA sanctions is properly pled.

Very truly yours,

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

*/s/ Eleanor Hamburger*

Eleanor Hamburger

EH:sh
cc:    Amanda L. Dollinger
       Michael S. Fried
       Corey J. Russell
       Miguel Eaton
       Jodi Bouer
       Kim Mack Rosenberg
       Clients

---

[1]   *See*   https://www.cms.gov/CCIIO/Resources/Fact-Sheets-and-FAQs/Downloads/MHPAEA-FAQs-Part-45.pdf (last visited 4/20/21).